(No. 2239—

REDYTH E. NEWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1935.*

CHARLES C. LEE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

It is stipulated and agreed by and between the parties hereto that prior to and on the 7th day of August, A. D. 1933, Thomas Frank Newell was employed by the respondent under the Department of Public Works and Buildings, Division of Highways, as a painter, and was engaged with a number of other employees in the painting of a bridge on S. B. I. Route No. 130, over the Embarrass River near Charleston, Illinois; that it was part of the contract of employment that the claimant and other employees working on said bridge should receive for their services thirty-five cents (35c) per hour, and in addition thereto should be transported by the respondent from the City of Charleston to their work each morning, and should be returned at the end of the day's work, to the place from which they started; that one Frank Crable, an agent of the respond-

ent, was in charge of the painting crew, as a foreman, and took the men to their work in the morning and returned them from their work in the evening in a State truck which was kept in Charleston; that on August 7, 1933, while said Frank Crable was driving said truck and was returning from said bridge with the members of the painting crew after the completion of the day's work, said truck collided with another automobile driven by one Archie Layton, and as the result of such collision, said Thomas Frank Newell sustained injuries from which he died the next day; that said Thomas Frank Newell left him surviving the claimant, Redyth E. Newell, his widow, and Thomas Mac Newell, aged thirteen years, and Doris Jean Newell, aged nine years, his children, as his sole and only heirs at law; and that said Archie Layton is insolvent and has no property subject to execution.

It is further stipulated that at the time of the accident in question the claimant's intestate and the respondent were operating under the provisions of the Workmen's Compensation Act; and that the injuries sustained by said claimant's intestate arose out of and in the course of his employment.

Under the facts as stipulated, there remains nothing for this court to do but fix the amount of the award. Upon consideration of the facts stipulated herein, the court finds as follows:

1. That under the provisions of Sections 7A, 7G and 7H1, the widow and minor children of said decedent are entitled to compensation in the total amount of $3,100.00; the said Redyth E. Newell being entitled to $2,500.00 and the said Thomas Mac Newell and Doris Jean Newell being entitled to $300.00 each.

2. That said compensation is payable in weekly installments of $12.00 commencing on August 9, 1933.

3. That it is to the best interests of all parties concerned that the compensation to which said Thomas Mac Newell and Doris Jean Newell are entitled as aforesaid be paid to their mother, Redyth E. Newell, for the support and maintenance of said children.

4. That payment by the respondent in weekly installments is not practicable under existing laws; and that it is to the best interests of the parties concerned that the compensation to be paid as aforesaid be commuted to an equivalent

lump sum, in accordance with the provisions of Section 9 of the Workmen's Compensation Act.

5. It is therefore ordered that the compensation to which the said Thomas Mac Newell and Doris Jean Newell are entitled as aforesaid be paid to their mother, Redyth E. Newell, for the support of said children; and that the total compensation to be paid to the claimant herein be commuted to an equivalent lump sum in accordance with the provisions of Section 9 of the Workmen's Compensation Act.

As we compute it, the total amount of compensation to be paid as aforesaid, after commutation to an equivalent lump sum is Three Thousand Nineteen Dollars and Ninety-one Cents ($3,019.91).

IT IS THEREFORE HEREBY ORDERED that an award be and the same is hereby entered in favor of the claimant, Redyth E. Newell, for the sum of Three Thousand Nineteen Dollars and Ninety-one Cents ($3,019.91).